### UNITED STATES v. MANSOUR.

(District Court, S. D. New York. May 25, 1909.)

ALIENS (§ 71½ *)—NATURALIZATION—SUIT FOR CANCELLATION OF CERTIFICATE—PLEADING.

    A suit for the cancellation of a certificate of naturalization under Act June 29, 1906, c. 3592, § 15, 34 Stat. 601 (U. S. Comp. St. Supp. 1907, p. 427), is a special proceeding, and, while the proof must be of the kind and force required to set aside a judgment, the pleadings and procedure may be molded in any way best calculated to meet the ends of justice.

    [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 71½.*]

On Demurrer to Petition to Cancel Defendant's Certificate of Naturalization.

Hugh Govern, Asst. U. S. Atty.

Douglass & Armitage, for demurrant.

HOUGH, District Judge. It seems quite unnecessary to elaborate the views expressed in the previous Mansour Case, 170 Fed. 671, regarding proceedings of this nature.

It was, and still is, my opinion that the proceeding is one in the nature of a bill in equity to set aside a judgment. But it does not follow that all the formalities of equity procedure must be observed. Nor is it important to try to assign the petition which the act of Congress (Act June 29, 1906, c. 3592, § 15, 34 Stat. 601 [U. S. Comp. St. Supp. 1907, p. 427]) provides for to the category either of a complaint at common law or a bill in equity. In form it is neither, being exactly what the act calls for, a petition; and the petition in this case seems to me to set up the necessary statutory facts. Because the requisite proof must (perhaps) be of the kind and force which would be required to set aside a judgment, it does not follow that the issue under which such proof is to be adduced must be framed in the manner prescribed either by common law or equity procedure. The act leaves the court to model the procedure in any way that seems

---

to subserve the ends of justice. So far as I am concerned, it seems best to make it as simple as possible.

The form followed in this case is approved, and the demurrer overruled.